UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEAL BERNHARD ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1075 |
| | ) |
| **BCN RECOVERY,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is Plaintiff Neal Bernhard's ("Bernhard") Declaration and Motion for Issuance of Writ of Execution. For the reasons set forth below, Bernhard's Motion [#10] is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 14, 2009, Bernhard filed his Complaint against Defendant BCN Recovery ("BCN") alleging that BCN violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. BCN's registered agent was personally served with summons and a copy of this Complaint on January 27, 2010. Bernhard moved for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) when BCN failed to answer or otherwise appear in the action. The Court granted the motion, and default was entered by the Clerk of the Court on April 1, 2010. On April 27, 2010, the Court found that it was appropriate to grant the Motion for Default Judgment, directed the Clerk of the Court to enter default judgment against BCN, and awarded $3,538.30, representing $1,000.00 in statutory damages, $2,113.30 in attorneys' fees, and $425.00 in costs. On April 28, 2010, Bernhard filed his Motion for Issuance of Writ of Execution and attached a copy of a proposed Writ.

**DISCUSSION**

In order to enforce federal judgments, judgment creditors can register their judgments in any district court. *See* 28 U.S.C. § 1963. Section 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Section 1963 provides a streamlined way to enforce federal judgments, works to prevent judgment debtors from frustrating enforcement, and assures jurisdictional impediments will not impede enforcement. *Zahran v. Frankenmuth Mut. Ins. Co.*, No. 97-1712, 1999 WL 191493, at *2 (7th Cir. Mar. 25, 1999). In essence, it works to protect judgment debtors and creditors from the burden of more litigation in their attempts to satisfy a judgment. *Id.* A judgment registered in a different district "may be enforced by the judgment creditor in any manner permissible under the Federal Rules of Civil Procedure and the laws of the state or states in which the judgment is registered." *Id.* Rule 69(a)(1) of the Federal Rules of Civil Procedure provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Here, Bernhard has filed his motion for issuance of a writ of execution on his judgment with this Court, merely stating that this Court entered judgment in his favor against BCN in the amount of $3,538.30, and requesting that this Court issue a Writ of Execution on the judgment. The copy of the proposed Writ he attached to his motion is directed to the United States Marshal for the Western District of North Carolina. Bernhard does not cite to any statutory authority for the Court

to issue the Writ, nor does he explain whether the Judgment entered by this Court on April 27, 2010, has been registered in any other district, specifically the Western District of North Carolina.

Specifically, Bernhard does not cite to any authority which provides that this Court can direct Marshals in another federal district, in a different state, to enforce the Judgment entered in this district in Illinois by seizing and selling property located in North Carolina. This is not a situation in which the United States is the judgment creditor and a writ of execution entered here can be executed nationwide. *See* 28 U.S.C. § 2413. Rather, it would likely be improper for this Court to issue Bernhard's proposed Writ of Execution directed to the federal Marshals in North Carolina. *See JPI Partners, LLC v. Dixon*, No. 6:07-mc-77-Orl-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. May 23, 2008) (discussing Section 1963 and explaining that a writ of execution issued by one court is only enforceable within the boundaries of the federal district that issued it); *Clark v. Wilbur*, 913 F. Supp. 463, 465 (S.D.W.Va. 1996) (West Virginia district court that originally entered the judgment explained judgment creditor could not seek order from that court for Marshal to execute on property located in Florida); *United States v. Palmer*, 609 F. Supp. 544, 547-48 (E.D. Tenn. 1985) (explaining that Section 1963 permits a judgment to be registered in any district where debtor's property is located, and stating that "Following registration, a judgment creditor may secure a writ of execution from the registering court and deliver it to the local Marshal for execution"). The cases cited above show that the usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to Section 1963, then to seek a writ of execution in that district.

Ultimately, it appears that Bernhard has taken the first sentence of Rule 69(a)(1) out of context, and has failed to explain this Court's authority to issue a writ directing U.S. Marshals in North Carolina to seize and sell BCN's property located in that jurisdiction. Therefore, Bernhard's

motion for issuance of a writ of execution must be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff Neal Bernhard's Motion for Issuance of Writ of Execution [#10] is DENIED.

ENTERED this 1st day of June, 2010.

s/Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge